**OPINION OF THE JUSTICES of the Supreme Court in Response to a Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

March 21, 1969.

To His Excellency Russell W. Peterson
Governor of Delaware:

Reference is made to your letter dated March 18, 1969, addressed to the Chief Justice, asking, pursuant to 10 Del.C. § 141, the opinion of the Justices upon a question of law. This question may be stated as follows:

> In view of the death of Mario A. Pagano, a duly elected member of the House of Representatives for the 14th Representative District, may any action taken by the House of Representatives of the 125th General Assembly prior to the election and qualification of a successor to Representative Pagano be fully valid and effective?

We think the answer to the question asked of us is found in Article II, § 8 of the Constitution of this State, Del.C.Ann. *Inter alia*, § 8 provides that "* * * a majority of all the members elected to each House shall constitute a quorum to do business * * *." This precise language was adopted by the Constitutional Convention of 1897. Prior to its adoption, the Constitution of 1831, Article II, § 6, provided that "* * * a majority of each [House] shall constitute a quorum to do business; * * *." You will note the difference in language between the present Constitution and the former.

In our opinion, the difference in language is without distinction. This is plain from 2 Constitutional Debates of 1897, page 795, where it appears that the change in language was made merely to preserve uniformity in the language used in the present Constitution without any intent to change the meaning.

This means in our opinion, that a quorum necessary to be present in order for a House of the General Assembly to act in a valid and effective manner is a majority of the number of members of that House prescribed by law, irrespective of whether or not one or more vacancies have occurred by reason of death, resignation or otherwise.

It is obvious that this result is required to permit the orderly functioning of the State government. If the meaning of the constitutional provision were that no effective meeting of either the Senate or House could be had in case of a vacancy existing in one of the seats, obviously the orderly process of government in this State could come to a standstill. This result would be contrary to the basic purpose for which our Constitution has been adopted.

It is noteworthy, we think, that the language of the 1831 Constitution, which was not substantially altered by the present constitutional quorum provision according to the drafters, was identical to the Federal constitutional provision, Article I, § 5, governing the quorum of the Congress: "* * * a Majority of each [House] shall constitute a Quorum to do Business * * *". The Congress, as we know, is not incapacitated by the death of a member.

The conclusion we have reached finds some support, although there is a paucity of reported decisions, in other states. Thus, in Opinion of the Justices, 12 Fla. 653, it was held that a quorum of each House of the Florida General Assembly shall be "not less than a majority of the whole number of which the House may be composed, and vacancies, however arising, cannot be deducted in ascertaining the presence of the quorum."

Similarly, in Snider v. Rinehart, 18 Colo. 18, 31 P. 716, it was stated that the occurrence of a vacancy in either the Senate or the House would not prevent the legal transaction of business by either House. The court said:

"Such vacancies are of common occurrence, and yet such legislative bodies, so long as they have a quorum in attendance, proceed regularly with the transaction of business."

We are therefore of the unanimous opinion that, despite the vacancy resulting from the death of Mr. Pagano, the House of Representatives may proceed regularly with the transaction of its business so long as the necessary constitutional quorum of members is present.

Respectfully submitted,

DANIEL F. WOLCOTT
Chief Justice
JAMES B. CAREY
Justice
D. L. HERRMANN
Justice